IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:25-cv-01984-CNS-KAS

NICHOLAS AURELIO,

      Plaintiff,

v.

NICOLE SMITH,
MISTY ZADE,
JANE GILDEN,
VANI RUSSELL, and
NICHOLAS HOOVER,

      Defendants.

---

## ORDER

---

This case is before the Court in connection with, *inter alia*, a request from Plaintiff Nicholas Aurelio, who is currently incarcerated and under the control of the Colorado Department of Corrections (CDOC), that Defendants provide him with the prescription eyeglasses he requires. To that end, several of Plaintiff's motions are now pending before the Court following their referral to Magistrate Judge Kathryn A. Starnella, *see* ECF Nos. 17, 77, 85, including:

(1) Motion for a Preliminary Injunction, ECF No. 16, to which Defendants filed a Response, ECF No. 34, and Supplemental Response ECF No. 56, and Plaintiff filed a Reply, ECF No. 55, and Supplemental Reply, ECF No. 60;

(2) Plaintiff's Motion to the Honorable Charlotte N. Sweeney for a Status on Personal Service on Defendant Jane Gilden and for an Expedited Ruling on

Plaintiff's Motion for a Preliminary Injunction, ECF No. 62, to which Defendants filed a Response ECF No. 68, and Plaintiff filed a Reply, ECF No. 69;

(3) Plaintiff's Second Motion to the Honorable Charlotte N. Sweeney Requesting an Expedited Ruling on Plaintiff's Motion for a Preliminary Injunction (ECF No. 16), ECF No. 72, to which Defendants filed a Response ECF No. 76, and Plaintiff filed a Reply, ECF No. 81; and

(4) Plaintiff's Motion for Sanctions Against CDOC Defendants and Opposing Counsel Heather K. Rhea and Evan P. Brennan, ECF No. 83, to which Defendants filed a Response, ECF No. 88.

On February 12, 2026, Magistrate Judge Starnella issued an Order and Recommendation recommending that (1) the referred motions be denied "to the extent they seek a preliminary injunction," (2) Plaintiff's motion for service and expedited ruling, ECF No. 62, be denied as moot "to the extent it relates to service of process on Defendant [Jane] Gilden," and (3) that Plaintiff's sanctions motion, ECF No. 83, be denied for failure to comply with Rule 11's service requirements. ECF No. 90 (Recommendation) at 8. Plaintiff filed objections to the Recommendation, ECF No. 99,[1] and Defendants Nicole Smith, Misty Zade, Vani Russell, and Nicholas Hoover (the CDOC Defendants) filed a response to the objection, ECF No. 105.

Below, the Court addresses each of Plaintiff's motions and objections to the magistrate judge's Recommendation regarding the same.

---

[1] Plaintiff's objection only addressed the Recommendation to the extent it concerned his request for a preliminary injunction. *See generally* ECF No. 99. Plaintiff did not address the recommendation regarding his motion for sanctions.

## I.      SUMMARY FOR *PRO SE* PLAINTIFF

You have filed several motions requesting that the Court enter a preliminary injunction ordering Defendants to provide you with eyeglasses containing the appropriate prescription and tint. After you filed objections to the Magistrate Judge's order recommending that your requests for a preliminary injunction be denied, you then filed a notice informing the Court that you have received the glasses you require and, as a result, your request for a preliminary injunction is now moot. In light of your update, and as explained further below, the Court agrees with you that those requests are now moot, and so your motions for a preliminary injunction are denied.

You have also filed several motions seeking service on Defendant Jane Gilden. As explained further below, information that has recently come before the Court, including information contained in a motion filed by a new attorney representing Ms. Gilden, has convinced the Court that the previous attempts to serve Ms. Gilden were improper. As a result, Ms. Gilden never actually received service in this case. Additionally, Ms. Gilden has filed a motion seeking to vacate the default that was previously entered against her in this action. In light of this, the Court is denying your motions for service without prejudice. This means that you may refile a new motion for service on Ms. Gilden within 30 days of Magistrate Judge Starnella's ruling on the motion to vacate, if it is necessary to do so. The Court expects that Magistrate Judge Starnella's order will provide some guidance on whether it will be proper for you to do so at that time.

Finally, also before the Court is your request for sanctions against the CDOC Defendants and their attorneys. Magistrate Judge Starnella previously recommended that this motion be denied because you did not provide the CDOC Defendants with a copy of

the motion 21 days before it was filed, as required by Federal Rule of Civil Procedure 11. Because you did not object to that determination, and because the Court agrees with Magistrate Judge Starnella's recommendation, your sanctions motion is denied.

**II.     ANALYSIS**

### A.  Plaintiff's Request for Injunctive Relief

In addition to the parties' briefing on the motions, the Recommendation, and Plaintiff's objections, the Court is also in receipt of Plaintiff's Notice to the Honorable Kathryn A. Starnella and the Honorable Charlotte N. Sweeney, filed March 5, 2026. ECF No. 104. The Notice states that "[o]n March 5, 2026, Plaintiff received his long awaited, prescription eyeglasses. . . . The eyeglasses contained the right prescription and tint, as [] required. *Thus, Plaintiff's request for a preliminary injunction is truly moot*." *Id.* at 1 (emphasis added).

Accordingly, in light of the update provided in the Notice, ECF No. 104, Plaintiff's objections to the Recommendation are OVERRULED regarding his request for injunctive relief. To the extent Plaintiff's motions filed at ECF Nos. 16, 62, and 72 seek a preliminary injunction requiring that Defendants provide Plaintiff with his prescription glasses, they are DENIED as moot.

### B.  Plaintiff's Request for Service on Defendant Jane Gilden

Plaintiff has requested that the United States Marshal serve Defendant Jane Gilden in this action multiple times. *See, e.g.*, ECF Nos. 13, 62. The Court has reviewed the various docket entries concerning service on, and the subsequent entry of default against, Defendant Jane Gilden. *See, e.g.*, ECF Nos. 8, 13, 25, 64, 66, 70, 71, 73, 79, 80, 84, 86, 93, 95, 96, 101, 102. Although the magistrate judge previously determined

4

that "[t]he United States Marshal Service served Defendant Jane Gilden on November 13, 2025," ECF No. 90 at 1 n.1 (citing ECF No. 79 (Summons)), it appears that conclusion was reached in error.

On February 17, 2026, after the magistrate judge's Recommendation was entered, the CDOC Defendants filed a Notice of Improper Service of Defendant Jane Gilden (ECF No. 79), stating that because Defendant Gilden is a contractor and not a CDOC employee, the attempt to serve her via M. Valdez of the Colorado Territorial Correctional Facility on November 14, 2025 was not proper. ECF No. 93 at 1–2 ("Valdez is an employee of CDOC and is not authorized to accept service on behalf of Gilden, a contract employee."). Since the CDOC Defendants' notice was filed, an attorney has entered an appearance on Defendant Gilden's behalf, ECF No. 101, and subsequently moved to vacate the default because Defendant "Gilden has not been served," ECF No. 102.[2]

In light of the new information now before the Court, the Court hereby accepts with modifications the magistrate judge's Recommendation that Plaintiff's motions for service on Defendant Gilden, ECF No. 62, be denied as moot, ECF No. 90 at 8, and instead orders that the motion be DENIED WITHOUT PREJUDICE with respect to Plaintiff's request for service on Defendant Gilden. Plaintiff may refile a motion for service on Defendant Gilden within 30 days of Magistrate Judge Starnella's ruling on the motion to vacate, if appropriate.

### C. Plaintiff's Request for Sanctions Against the CDOC Defendants

The magistrate judge also considered Plaintiff's Motion for Sanctions Against CDOC Defendants and Opposing Counsel Heather K. Rhea and Evan P. Brennan, ECF

---

[2] Defendant Gilden's motion to vacate has been referred to Magistrate Judge Starnella. ECF No.103.

No. 83, and recommended that the motion be denied because Plaintiff failed to comply Rule 11's requirement that a sanctions motions must be served on the allegedly offending party 21 days before it is filed with the Court. *See* ECF No. 90 at 7 (citing Fed. R. Civ. P. 11(c)(2); *Roth v. Green*, 466 F.3d 1179, 1192 (10th Cir. 2006) (explaining that Rule 11 requires a party to serve "a copy of the actual motion for sanctions . . . at least twenty-one days prior to the filing of that motion")). Plaintiff's objections, ECF No. 99, did not address this portion of the magistrate judge's Recommendation, and the Court sees no reason to disturb it.

When—as is the case here—a party does not object to a Magistrate Judge's Recommendation, the Court "may review a magistrate [judge]'s report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)). The Court is "accorded considerable discretion" when reviewing "unchallenged" recommendations. *Id.* Here, the Court has reviewed Magistrate Judge Starnella's Recommendation with respect to the sanctions motion and is satisfied that it is sound and that there is no clear error on the face of the record. Accordingly, Plaintiff's motion for sanctions, ECF No. 83, is denied.

III.    **CONCLUSION**

Consistent with the above, the Court hereby ORDERS that:

- The Order and Recommendation of United States Magistrate Judge, ECF No. 90, is affirmed and adopted with modifications as outlined below;

- Plaintiff's Motion for a Preliminary Injunction, ECF No. 16, and Plaintiff's Second Motion to the Honorable Charlotte N. Sweeney Requesting an Expedited Ruling on Plaintiff's Motion for a Preliminary Injunction (ECF No. 16),

ECF No. 72, are **DENIED** as moot to the extent they concern Plaintiff's request for prescription eyeglasses; and

- Motion to the Honorable Charlotte N. Sweeney for a Status on Personal Service on Defendant Jane Gilden and for an Expedited Ruling on Plaintiff's Motion for a Preliminary Injunction, ECF No. 62, is **DENIED** to the extent it concerns Plaintiff's request for a preliminary injunction, and **DENIED without prejudice** to the extent it concerns Plaintiff's request for service on Defendant Jane Gilden; and

- Plaintiff's Motion for Sanctions Against CDOC Defendants and Opposing Counsel Heather K. Rhea and Evan P. Brennan, ECF No. 83, is **DENIED**.

DATED this 19th day of March 2026.

BY THE COURT:

_____

Charlotte N. Sweeney
United States District Judge